UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VINCENT W. GLAZEWSKI, | : | |
| Petitioner, | : | Civ. No. 16-3052 (RBK) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM AND ORDER** |
| Respondent. | : | |

Petitioner is proceeding *pro se* with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. While petitioner filed this action on a § 2255 form, it appears clear from that filing that petitioner is challenging state court proceedings. Therefore, he needs to file this action as a § 2254 action. The filing fee for a § 2254 action is $5.00. Petitioner has neither paid the filing fee nor has he submitted an application to proceed *in forma pauperis*. Therefore, rather than treat petitioner's § 2255 filing as one filed under § 2254 at this time, this Court will administratively terminate this action so that petitioner can file this action under the proper form and either pay the filing fee or submit a completed application to proceed *in forma pauperis*.

Accordingly, IT IS this  8th  day of December, 2016,

ORDERED that the Clerk of the Court shall administratively terminate this case; petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely, or that petitioner's claims are or are not duly exhausted; and it is further

ORDERED that if petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, New Jersey, 08101, within thirty (30) days of the date of entry of this Memorandum and Order; petitioner's writing shall include (1) a complete and signed habeas petition on the appropriate form; and (2) either the $5.00 filing fee or a complete application to proceed *in forma pauperis*; and it is further

ORDERED that upon receipt of a writing from petitioner stating that he wishes to reopen this case and a complete signed petition and either the $5.00 filing fee or a complete application to proceed *in forma pauperis*, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk shall serve upon petitioner by regular U.S. mail: (1) a copy of this Memorandum and Order; (2) a blank habeas petition form—AO 241 (modified): DNJ-Habeas-008 (Rev.01-2014); and (3) a blank form application to proceed *in forma pauperis* by a prisoner in a habeas corpus case.

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge