# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VINCENT W. GLAZEWSKI, | : |
| Petitioner, | : Civ. No. 16-3052 (RBK) |
| v. | : |
| UNITED STATES OF AMERICA, | : **OPINION** |
| Respondent. | : |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Vincent W. Glazewski, is a state pretrial detainee currently lodged at the Salem County Correctional Facility in Woodstown, New Jersey. Mr. Glazewski initially filed this matter as a motion to vacate, set aside or correct a federal sentence pursuant to 28 U.S.C. § 2255. However, at the time of that filing, this Court presumed that Mr. Glazewski was a state prisoner. Therefore, this matter was administratively terminated. Mr. Glazewski was ordered to file this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Subsequently, Mr. Glazewski filed a habeas petition pursuant to § 2254 as well as an application to proceed *in forma pauperis*. Accordingly, the Clerk will be ordered to reopen this case. Mr. Glazewski's application to proceed *in forma pauperis* will be granted. Furthermore, this Court will re-characterize his § 2254 habeas petition as a habeas petition filed pursuant to 28 U.S.C. § 2241 because Mr. Glazewski is a state pretrial detainee as opposed to a state prisoner. For the following reasons, the habeas petition will be summarily dismissed without prejudice.

## II. BACKGROUND

Mr. Glazewski raises four claims in his habeas petition:

1. Violation of N.J. State Court Rule 3:26-1(e) which states that he is entitled to a release on recognizance bail if an indictment is not moved on within six months and it is now well beyond that six month period ("Claim I").

2. New Jersey Constitution Article I Paragraph 10 was violated as he has the right to a speedy trial; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor; and to have the assistance of competent counsel ("Claim II").

3. Violation of New Jersey Constitution Article 1 Paragraphs 11 and 12 as all persons shall be entitled to bail by sufficient sureties and excessive bail shall not be required ("Claim III")

4. Violation of United States Constitution Amendments VI and XIV as he has a right to a speedy trial and right to due process ("Claim IV")

## III. DISCUSSION

As noted above, Mr. Glazewski filed this habeas petition as a § 2254. However, as a pretrial detainee, this matter is more appropriately brought as a § 2241. *See Thomas v. New Jersey*, No. 16-1436, 2016 WL 345701, at *1 (D.N.J. June 20, 2016) (construing habeas petition that was filed under § 2254 as one that is filed under § 2241 because petitioner is a state pretrial detainee); *Smith v. Pennsylvania State Attorney Gen.*, No. 11–1813, 2011 WL 6012976, at *1 (M.D. Pa. Nov. 3, 2011) (holding that as a pretrial detainee, petitioner was not in custody pursuant to a state court judgment and could not proceed under § 2254, but could proceed under § 2241), *report and recommendation adopted*, 2011 WL 6012933 (M.D. Pa. Dec. 1, 2011); *Avila*

*v. New Jersey*, No. 07–3387, 2007 WL 2682937, at *4 n.4 (D.N.J. Sept. 6, 2007). Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered against the petitioner. *See Moore v. De Young*, 515 F.2d 437, 441–42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. Appx. 3, 4 (3d Cir. 2010) ("[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted). Accordingly, this Court will re-characterize Mr. Glazewski's habeas petition as one that is filed pursuant to 28 U.S.C. § 2241.

With respect to screening the instant habeas petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S .Ct. 594, 30 L.Ed.2d 652 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

With respect to Claims I and III, Mr. Glazewski relies solely on state law to support these two claims. However, Section 2241(c)(3) provides that Mr. Glazewski would only be entitled to federal habeas relief if he is in custody in violation of the United States Constitution or laws or treaties of the United States. Therefore, as it appears these two claims rely solely on state law, they are not cognizable in this federal habeas proceeding. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Nevertheless, Claims II and IV do raise federal claims. Indeed, Claims II and IV appear to revolve around Mr. Glazewski's claim that he has been denied the right to a speedy trial.

The United States Court of Appeals for the Third Circuit has stated the required elements to obtain pretrial habeas relief as follows:

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present[; and]
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pretrial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

*Moore*, 515 F.2d at 443; *see also Johnston v. Artis*, No. 13–6947, 2013 WL 6095877, at *2 (D.N.J. Nov. 19, 2013); *Wiggins v. Ellis*, No. 10–1243, 2010 WL 3909873, at *2 (D.N.J. Oct. 1, 2010). In *Moore*, the Third Circuit noted that delay, harassment, bad faith, or other intentional activity might constitute an extraordinary circumstance justifying federal court intervention before trial. 515 F.2d at 447 n.12.

A petitioner bringing a speedy trial challenge as a pretrial detainee is required to exhaust state court remedies, even though his criminal proceedings have yet to conclude. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). In New Jersey, appellate courts entertain

interlocutory appeals from speedy trial decisions by the trial court. *See, e.g.*, *State v. Myers*, 570 A.2d 1260, 1263 (N.J. Sup. Ct. App. Div. 1990).

Mr. Glazewski admits that he has not exhausted Claims II and IV. He asserts that he did not exhaust these two claims because his public defender "did not want to upset the trial judge." However, moving to dismiss the state criminal action against him based on speedy trial grounds presumably remains a viable option for Mr. Glazewski. Nevertheless, by never moving to dismiss the state criminal action in state court, Mr. Glazewski fails to show that he has exhausted his state court remedies on these claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("The exhaustion doctrine, in other words, turns on an inquiry into what procedures are 'available' under state law."). Furthermore, Mr. Glazewski fails to show that extraordinary circumstances are present to excuse this lack of exhaustion. *See Moore*, 515 F.3d at 446 ("We perceive nothing in the nature of the speedy trial right to qualify it as a per se 'extraordinary circumstance.' To the contrary, the cases in which the speedy trial claim has been raised in the pre-trial habeas context have granted the writ only after exhaustion on the merits in the state courts."). Accordingly, Claims II and IV will be summarily dismissed without prejudice due to a lack of exhaustion.

Finally, this Court need not entertain whether Mr. Glazewski is entitled to a certificate of appealability because his habeas petition has been construed under § 2241 as opposed to § 2254.

## IV. CONCLUSION

The habeas petition will be summarily dismissed without prejudice. Claims I and III are not cognizable on federal habeas review and Mr. Glazewski has failed to exhaust Claims II and IV. An appropriate order will be entered.

DATED: July 6, 2017

<u>s/Robert B. Kugler</u>
ROBERT B. KUGLER
United States District Judge